UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC D. CARR,

                        Petitioner,                      **DECISION AND ORDER**
                                                                                  **13-CV–06237(DGL)**

- vs -

HAROLD GRAHAM,

                        Respondent.
_____

### INTRODUCTION

*Pro se* petitioner Eric D. Carr ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also has filed a motion to stay the petition (Docket No. 9). For the reasons set forth below, the motion for a stay is denied with prejudice.

### BACKGROUND

Petitioner was convicted after a jury trial in New York State Supreme Court, Erie County, of attempted murder in the second degree (N.Y. Penal Law ("P.L.") §§ 110, 125.25(1), 20.00), criminal possession of a weapon in the second degree (P.L. § 265.03(2)), criminal possession of a weapon in the third degree (P.L. § 265.02(4), 20.00), and criminal possession of a weapon in the fourth degree (P.L. § 265.0 1(2), 20.00). The charges arose from an incident in which Petitioner and his father and co-defendant, Clarence Carr ("Mr. Carr.") attacked on an unarmed victim, which resulted in the victim being struck with a machete and shot several times with a handgun.

Petitioner was sentenced to a determinate term of 25 years plus 5 years of post-release

supervision. On direct appeal, his conviction was unanimously affirmed by the Appellate Division, Fourth Department, of New York State Supreme Court. *People v. Carr*, 59 A.D.3d 945(4th Dep't 2000). The New York Court of Appeals granted leave to appeal, and ultimately affirmed the conviction. *People v. Carr*, 14 N.Y3d 808 (2010).

By motion papers dated January 27, 2011, Petitioner moved to vacate his conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. The trial court (Buscaglia, J.) denied the motion on August 31, 2011. Petitioner moved for reargument, which was denied on February 7, 2012. The Fourth Department denied leave to appeal on April 2, 2012. Petitioner filed a second C.P.L. § 440.10 motion on February 22, 2012. Justice Buscaglia denied the motion on August 17, 2012, and the Fourth Department denied leave to appeal on October 17, 2012. Petitioner then filed a petition for a writ of error *coram nobis* on June 4, 2012, which the Fourth Department denied on September 28, 2012. *People v. Carr,* 98 A.D.3d 1324 (4th Dep't 2012). The Court of Appeals denied leave to appeal on July 6,2013. *People v. Carr,* 21 N.Y.3d 1014 (2013).

This timely habeas petition followed in which Petitioner asserts the following grounds for relief: (1) he was denied his constitutional right to testify by his trial counsel, who was operating under a conflict of interest because he also was representing Petitioner's father, whom counsel allowed to testify; (2) the prosecution's evidence on the element of intent was legally insufficient to satisfy the requirements of due process; (3) the prosecution erroneously failed to disclose the victim's criminal record and pending criminal charges; and (4) the trial court abused its discretion by denying his request for a missing witness charge.

Respondent filed his answer and opposition memorandum of law on November 19, 2013, arguing that the first claim, based on trial counsel's alleged failure to allow Petitioner to testify, is

unexhausted but should be deemed exhausted and procedurally defaulted. Respondent also argues that the missing witness charge is unexhausted because it was raised on direct appeal solely based on state law, and thus Petitioner failed to fairly present the claim in federal constitutional terms. Respondent notes that this claim, too, must be deemed exhausted and procedurally defaulted because Petitioner no longer has any avenues in state court by which to raise it. Respondent argues, in the alternative, that all of Petitioner's claims lack merit.

On May 20, 2014, Petitioner filed motion to have the petition stayed and held in abeyance so that he could return to state court to exhaust certain claims, presumably those as to which Respondent asserted the defense of non-exhaustion. He also seeks to add several new claims to the petition: (1) "ineffective assistance of trial counsel" based on unspecified errors; (2) "the court denied petitioner his right to a fair trial and hindered his defense by denying him an opportunity to present a justification defense"; and (3) the verdict finding him guilty of multiple counts of criminal possession of a weapon "was a miscarriage of justice since there was only one gun retrieved and used in the crime." Docket No. 9, ¶ 8. Respondent has not filed any papers in opposition to the motion to stay.

**DISCUSSION**

The Supreme Court stated in *Rhines v. Weber*, 544 U.S. 269 (2005), that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had [1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. On the other hand, the Supreme Court explained, even if a petitioner had "good cause" for the failure to exhaust the claims first, it would be an abuse of

discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)).

Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition. Thus, he has failed to demonstrate "good cause" for failing to exhaust the claims. The absence of "good cause" for the failure to exhaust is fatal to Petitioner' s ability to fulfill the *Rhines* standard. *See Rhines*, 544 U.S. at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). *E.g.*, *Mills v. Girdich*, 614 F. Supp.2d 365, 379-80 (W.D.N.Y. 2009) . The Court has examined the record, and "good cause" is not present. Accordingly, the Court finds that it would be an abuse of discretion to grant a stay.

Because the claims Petitioner wishes to add are unexhausted, the Court's refusal to grant a stay necessarily means that it would be futile to grant Petitioner's request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) ("A motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment . . . .") (quotation omitted).  Therefore, this request also is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to stay the petition (Docket #9) is denied with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 16, 2014.