UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERIC D. CARR,

                        **No. 6:13-CV-06237 (MAT)**

               Petitioner,   **DECISION AND ORDER**

       -vs-

HAROLD GRAHAM,

               Respondent.

_____

## I.    Introduction

Eric D. Carr ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered on August 1, 2008, in Erie County Court (Buscaglia, J.), following a jury verdict convicting him of attempted murder in the second degree (N.Y. Penal Law §§ 110.00, 125.25(1), 20.00), criminal possession of a weapon in the second degree (N.Y. Penal Law §§ 265.03(2), 20.00), and two counts of criminal possession of a weapon in the third degree (N.Y. Penal Law §§ 265.02(1), 265.02(4), 20.00).

## II.  Factual Background and Procedural History

By indictment of an Erie County grand jury dated August 11, 2006, petitioner was charged with one count of attempted murder in the second degree, one count of assault in the first degree, and four counts of criminal possession of a weapon ("CPW") in varying degrees. The charges arose from an incident in which petitioner and

his father, Clarence Carr, Jr., attempted to murder Antoine D. Marble by shooting and stabbing him.

Petitioner and his father, who were each charged as accomplices to attempted murder, were tried jointly at a jury trial which commenced January 2, 2007. At trial, the evidence established that on July 26, 2006, petitioner and his father chased the unarmed Marble through a convenience store, surveillance video from which showed petitioner shooting Marble and petitioner's father stabbing Marble. After Marble ran from the store, both codefendants followed him. Outside a nearby apartment complex, Marble laid on the ground while petitioner once again shot him, and petitioner's father again struck him with a knife. Medical testimony established that Marble's injuries were life-threatening.

The jury convicted petitioner of attempted murder, CPW in the second degree, CPW in the third degree, and CPW in the fourth degree. On May 21, 2007, Judge Buscaglia sentenced petitioner to a determinate sentence of 25 years plus five years post-release supervision ("PRS") on the attempted murder count, 15 years determinate plus five years PRS on the count of CPW in the second degree, seven years determinate with three years PRS on the count of CPW in the third degree, and one year determinate on the count of CPW in the fourth degree, all sentences to run  concurrently.

Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department. The

Fourth Department unanimously affirmed the conviction, and the New York State Court of Appeals affirmed. See People v. Carr, 59 A.D.3d 945 (4th Dep't 2009), aff'd 14 N.Y.3d 808 (2010).

On January 27, 2011, petitioner filed a motion to vacate the conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. That motion was denied, and leave to appeal was denied on April 2, 2012. Petitioner filed a second CPL § 440.10 motion on February 22, 2012, which motion was denied on August 17, 2012, and leave to appeal was denied on October 17, 2012. On June 4, 2012, petitioner filed a petition for a writ of error coram nobis, which was denied on September 28, 2012. Leave to appeal that decision was denied on July 6, 2013. See People v. Carr, 98 A.D.3d 1324 (4th Dep't 2012), lv denied 21 N.Y.3d 1014 (2013).

## D.   The Federal Habeas Proceeding

This timely habeas petition followed, in which petitioner contends that (1) a conflict of interest existed based on joint representation, such that he was deprived a fair trial (2) his conviction was based on insufficient evidence; (3) he was deprived of Brady and Rosario material (see Brady v. Maryland, 373 U.S. 83 (1963); People v. Rosario, 9 N.Y.2d 286 (1961)); and (4) the trial court abused its discretion when it denied an untimely request for a missing witness charge.

## III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Superior Court for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir.2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented, 28 U.S.C. § 2254(d)(2).

## IV. Grounds Asserted in the Petition

### A.   Conflict of Interest (Ground One)

Petitioner contends that he was denied a fair trial due to a conflict of interest, because he was tried jointly with his father, the codefendant, and their defenses "ran afoul of each other . . . with separate defense strategies." Doc. 1 at 5. Specifically, petitioner contends that due to this conflict, he was denied his right to testify at trial, whereas his co-defendant did testify. In his first CPL § 440.10 motion, petitioner contended that his trial counsel was ineffective for allowing joint representation to occur.

4

Petitioner's claim that he was denied the right to testify in his case is unexhausted. "In order to exhaust a federal constitutional claim for the purposes of federal habeas review, the substance of the federal claim, both legal and factual, must be apparent from the petitioner's presentation to the state court." Smith v. Artus, 2005 WL 1661104, *12 (S.D.N.Y. July 14, 2005) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981)). None of petitioner's post-trial motions raised this issue. As such, the state courts were not "presented with the opportunity to consider the petitioner's federal constitutional claim," and it is thus unexhausted. Id.

Pursuant to 22 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of an applicant to exhaust the remedies available in the Courts of the state." The Court finds that, even if it were exhausted, petitioner's claim that he was denied the right to testify would fail on the merits. The record does not indicate that petitioner wanted to testify in his own defense, and his petition does not make out any facts as to how he was denied such a right, other than to generally argue that he should have been allowed to do so in order to explain his justification defense. In evidence at trial were two statements made by petitioner to police, both of which indicated that the victim was armed with a knife but his

petitioner's codefendant (his father) was unarmed. Those statements were squarely contradicted by the surveillance video, which showed that petitioner and his father were armed while the victim was not.

Based on its review of the record, the Court concludes that the evidence was so overwhelming against petitioner that if any error occurred, it was harmless. See, e.g., <u>Morales v. Keane</u>, 1998 WL 91104, *1 (S.D.N.Y. Mar. 2, 1998) ("As to petitioner's claim that counsel denied him the right to testify, petitioner did nothing at trial to indicate that he wanted to testify in his own defense[,] his argument indicates no more than that his counsel advised him against testifying at trial and petitioner acquiesced in that advice[,] [and] [g]iven the fact that petitioner had made two post-arrest statements that were in evidence, counsel's advice that he should not testify was clearly within the bounds of reasonable trial strategy.").

To the extent that petitioner now claims that counsel was ineffective for allowing representation to continue despite a conflict of interest, that claim is barred by an adequate and independent state ground. In deciding petitioner's first CPL § 440.10 motion, Judge Buscaglia specifically denied that argument on the ground that it could have been raised on direct appeal and was therefore barred by CPL § 440.10(2)(c). See doc. 7, Exh. E. A denial based on CPL § 440.10(2)(c) constitutes a denial on an adequate and independent state ground. See <u>Sweet v. Bennett</u>, 353

F.3d 135, 139-40 (2d Cir. 2003) (holding that CPL § 440.10(2)(c) constitutes adequate and independent state law ground where basis of ineffective assistance claim is apparent from trial record). Based on the above, petitioner's first ground is dismissed.

### B.    Sufficiency of the Evidence (Ground Two)

Petitioner contends that the verdict was not supported by sufficient evidence, arguing specifically that the element of intent was not established. Due process requires that the prosecution establish a defendant's guilt as to all elements of a criminal offense beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970). A verdict will be deemed consonant with due process principles if, after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Thus, a petitioner "bears a very heavy burden" when challenging the sufficiency of the evidence supporting his state criminal conviction. Einaugler v. Supreme Court of the State of New York, 109 F.3d 836, 840 (2d Cir. 1997).

On direct appeal, the Fourth Department found that the evidence was sufficient to establish the element of intent. See Carr, 59 A.D.3d at 945. That holding was not unreasonable. The evidence in this case was overwhelming against petitioner. It included a surveillance video that showed him shooting the victim

7

in the store, chasing the victim from the store, reloading his gun, and shooting the victim again, all while his father repeatedly stabbed the victim. Petitioner admitted to police that he entered the store with a fully loaded handgun, and that he shot the victim once in the store and twice after chasing him from the store. The record thus fails to support petitioner's claim of a due process violation based on insufficiency of the evidence.

### C.    Alleged Deprivation of Rosario Material (Ground Three)

Petitioner contends that he was deprived of Rosario material at trial.[1] Specifically, the petition alleges that the "[p]rosecution characterized their complainant witness [Marble] under false pretense and [that the] prosecution never turned over" Marble's criminal history. Doc. 1 at 8. The record reveals that Marble had no criminal history at the time of this trial, but that the prosecution did turn over a document indicating an arrest which resulted in an adjudication of youthful offender status. Petitioner raised this ground in his second CPL § 440.10 motion. In denying that motion, Judge Buscaglia found that petitioner was not entitled to Marble's criminal history, because there was "no indication that [Marble] had been convicted of any crime or that any criminal action was pending against him." Doc. 7, Exh. E (citing People v.

---

[1] Although ground three of the petition initially alleges "Brady and Rosario violations by the District Attorney's Office," the facts alleged in this ground allege only Rosario violations. Doc. 1 at 8.

Allen, 30 A.D.3d 1106 (4th Dep't 2006)). The Fourth Department denied leave to appeal. See doc. 7, Exh. F.

"[T]he failure to turn over Rosario material is not a basis for habeas relief as the Rosario rule is purely one of a state law." Green v. Artuz, 990 F.Supp. 267, 274 (S.D.N.Y. 1998) (citing U.S. ex rel. Butler v. Schubin, 376 F. Supp. 1241, 1247 (S.D.N.Y. 1974), aff'd, 508 F.2d 837 (2d Cir. 1975)); see also Flores v. Demskie, 215 F.3d 293, 305 (2d Cir. 2000) ("[A]ssuming the State courts were in fact in error in interpreting the scope of the Rosario rule, it was one of state law that is not subject to a review under a petition for a federal writ of habeas corpus charging infringement of federal constitutional rights.") (quoting Butler, 376 F. Supp. at 1247). Accordingly, this claim is dismissed.

### D.    Denial of Missing Witness Charge (Ground Four)

Petitioner contends that his right to a fair trial was violated when the trial court denied his request for a missing witness charge as to three witnesses who were present in the store prior to petitioner's arrival at the store. On direct appeal, the Fourth Department held that trial counsel's motion for a missing witness charge was not made "as soon as practicable" and was therefore untimely, where it was made at the close of the People's case and the witness list provided to defense counsel before trial indicated that the People did not intend to call those witnesses.

Carr, 59 A.D.3d at 946. The Fourth Department also held that the trial court did not abuse its discretion in finding that "the testimony of those individuals would be cumulative to the testimony of the victim, the codefendant and the surveillance video." Id.

Ordinarily, a state trial court's jury instruction, such as a missing witness charge, is a matter of state law, and any error in connection therewith is not cognizable on habeas review. See 28 U.S.C. § 2254(a). Like the failure to give any other jury instruction, the failure to issue a missing witness instruction does not raise a constitutional issue and cannot serve as the basis for federal habeas relief unless the failure "so infected the entire trial that the resulting conviction violated due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). A trial court's failure to give a missing witness charge rarely warrants a reversal even on direct appeal. See United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994); United States v. Torres, 845 F.2d 1165, 1170-71 (2d Cir. 1988). Whether the charge is given lies in the sound discretion of the trial court. See Torres, 845 F.2d at 1171.

In order to obtain a missing witness charge under New York state law, the party seeking the charge must make a prima facie showing that "the uncalled witness is knowledgeable about a material issue upon which the evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that

the witness is available to such party." <u>People v. Gonzalez</u>, 68
N.Y.2d 424, 427 (1986). In this case, the trial court made the
factual determination that the testimony of these witnesses would
be merely cumulative. "[I]n a habeas proceeding, 'a determination
of a factual issue made by a state court shall be presumed to be
correct,' unless rebutted by clear and convincing evidence." <u>Morris
v. Reynolds</u>, 264 F.3d 38, 47 (2d Cir. 2001) (quoting 28 U.S.C.
§ 2254(e)(1)).

Petitioner has not established that the testimony of these
three witnesses would be anything other than cumulative. Thus, the
Fourth Department's decision that the trial court did not err in
denying the charge was not unreasonable. See <u>Klosin v. Conway</u>, 501
F. Supp. 2d 429, 444 (W.D.N.Y. 2007) ("A missing witness charge is
inappropriate when the witness in question is equally available to
both sides, or when the requested charge would be merely
cumulative."); <u>Correa v. Duncan</u>, 172 F. Supp. 2d 378, 382 (E.D.N.Y.
2001) (denying habeas relief on claim alleging failure to give
missing witness instruction where petitioner failed to rebut
presumption of correctness accorded to trial court's factual
determination that testimony of missing witnesses was cumulative,
making charge unwarranted).

<u>**CONCLUSION**</u>

For the foregoing reasons, petitioner's request for writ of
habeas corpus is denied, and the petition (Doc. 1) is dismissed.

Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     November 10, 2015
           Rochester, New York.